## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THE PLASTICS NYC LLC,<br>Plaintiff | )<br>)<br>)<br>)<br>) | CASE NO._____ |
| -vs- | )<br>)<br>)<br>) | JUDGE _____ |
| PLASTICS BOUTIQUE LLC,<br>ANGEL ADAMS,<br>Defendants | )<br>)<br>)<br>)<br>) | COMPLAINT |

## COMPLAINT

Plaintiff The Plastics NYC LLC ("Plaintiff") by its attorneys files this Complaint against Defendants Plastics Boutique LLC (hereinafter referred to as "PB") and Angel Adams (hereinafter referred to as "AD") (all of which are collectively referred to as "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action concerning trademark infringement pursuant to 15 U.S.C. § 1114. Plaintiff is the owner of Trademark Registration No: 7053111.  Defendants, without consent of Plaintiff, have been using in commerce reproduction, counterfeit, copy, and colorable imitations of Plaintiff's mark in connection with the sale, offering for sale, distribution, and advertising of goods that are likely to cause confusion, or cause to deceive, or to cause mistake. Moreover, Defendants ignored cease and desist letter.

2.      In short, Defendants imitates Plaintiff's The Plastics Mark in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of that clothing. Defendants' sale of the Infringing Designs is therefore unlawful and is causing irreparable harm to Plaintiff's brand.

3.      Plaintiff brings this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair

and deceptive trade practices acts of several states; and the common law. Among other relief, Plaintiff asks this Court to: (a) preliminarily enjoin Defendants from distributing, marketing or selling clothing bearing a confusingly similar imitation of The Plastics Mark; (b) permanently enjoin Defendants from distributing, marketing or selling clothing using or bearing a confusingly similar imitation of The Plastics Mark; (c) award Plaintiff monetary damages and to treble that award; (d) require Defendants to disgorge all profits from sales of the Infringing Designs; and (e) award Plaintiff punitive damages, attorneys' fees, and costs.

4.     Additionally, the complaint will also contain a formal prayer at its end (see below).

## THE PARTIES

5.     Plaintiff, The Plastics NYC LLC is a Delaware limited liability company duly formed under the laws of the State of Delaware and has it a principal place of business in Los Angeles, California.

6.     Defendant, The Plastics Boutique LLC is an Ohio limited liability company duly formed under the laws of the State of Ohio.

7.     Defendant, Angel Adams is the registered agent of The Plastics Boutique LLC and a resident of Ohio who may be served at 13201 Oakview Boulevard, Garfield Heights, OH 44125.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9.     This Court has personal jurisdiction over Defendants because, on information and belief, (a) Defendants has marketed, distributed, offered for sale, and/or sold the Infringing clothing to persons within the Northern District of Ohio; (b) Defendants regularly transacts and conducts business within the Northern District of Ohio; and/or (c) Defendants has otherwise made or established contacts within the Northern District of Ohio sufficient to permit the exercise of personal jurisdiction.

10.     This Court has personal jurisdiction over Defendant Angel Adams because Defendant Angel Adams is domiciled in Northern District of Ohio.

11.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this district and all other defendants reside in this district or a district within this state.

12.     The Northern District of Ohio is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## **FACTS**

13.     Plaintiff is the owner of a federal trademark registration, Serial No. 7053111, issued by the United States Patent and Trademark Office ("PTO") on May 16, 2023, for the word Mark "The Plastics", for clothing. A copy of the Certificate of Registration for this mark is included below and attached as Exhibit A.



14.     Trademark Registration Number 7053111 extends protection to the word mark "The Plastics."

15.     Trademark Registration Number 7053111 covers International Class 025, which pertains to clothing goods.

16.     On or about July 24, 2016, Plaintiff began utilizing the word mark "The Plastics" in commerce. Please find a time-stamped photo below and attached as Exhibit B.



17.     Plaintiff sells, markets, and distributes its clothing worldwide via their online store, which is https://theplasticsnyc.com.

18.     Plaintiff has used "The Plastics" Mark in connection with its frequent sponsorship of socialites and celebrities, such as Loren Lorosa.

19.     As a result of Plaintiff's extensive promotional efforts, and its global commitment to the fashion industry in particular, the public associates The Plastics Mark with Plaintiff.

20.     Plaintiff has spent thousands of dollars promoting The Plastics Mark and products bearing the mark.

21.     As a result of Plaintiff's continuous and exclusive use of The Plastics Mark in connection with its products, the mark enjoys wide public acceptance and association with Plaintiff, and has come to be recognized widely and favorably by the public as an indicator of the origin of Plaintiff's goods.

22.     As a result of Plaintiff's extensive use and promotion of The Plastics Mark, Plaintiff has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate The Plastics Mark with Plaintiff.

23.     In blatant disregard of Plaintiff's rights, Defendant is manufacturing, producing, marketing, distributing, offering for sale, and selling in interstate commerce clothing bearing designs consisting of the words "The Plastics" and "Plastics" (the "Infringing Designs"). The Infringing Designs, are inserted below and attached as Exhibit C.





24.     As Plaintiff's direct competitor, Defendant is offering the Infringing Design to the same consumers as Plaintiff *and* Defendant's Infringing Design is sold next to or near Plaintiff's products in overlapping channels of trade.

25.     Without a doubt, Defendants had knowledge of and was very familiar with The Plastics Mark when it began designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the Infringing Design. Clearly, Defendants intentionally adopted and used a confusingly similar imitation of The Plastics Mark knowing that the Infringing Designs would mislead and deceive consumers into believing that Defendants' footwear was produced, authorized, or licensed by Plaintiff, or that the clothing originated from Plaintiff.

26.     The Infringing Designs designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Defendants are not manufactured by Plaintiff. Nor is Defendants associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way. Plaintiff used The Plastics Mark extensively and continuously before Defendants began: (i) using the Infringing Designs on clothing or (ii) designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the Infringing Designs.

27.     The likelihood of confusion, mistake, and deception engendered by Defendants' infringement of Plaintiff's The Plastics Mark is causing irreparable harm to the goodwill symbolized by the mark and the reputation for quality that it embodies.

28.     Defendants' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendants' Infringing Designs at the point of sale or on a wearer are likely—due to Defendants' use of a confusingly similar imitation of Plaintiff's The Plastic Mark—to mistakenly attribute the clothing to Plaintiff. By causing a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm on the goodwill symbolized by Plaintiff's The Plastics Mark and the reputation for quality that it embodies.

29.     On information and belief, Defendant continues to use the Infringing Designs in connection with the sale of clothing that directly competes with the clothing offered by Plaintiff. Defendant began

selling the Infringing Designs well after Plaintiff had established protectable rights in The Plastics Mark and well after The Plastics Mark had made a commercial impression.

30.    On or about January 18, 2019, Defendants formed The Plastics Boutique LLC. Exhibit **C.**

31.    On or about November 4, 2021, Defendants began selling, marketing, and distributing clothing items with the word "Plastics." A photo is included below and attached as Exhibit D.



32.    Defendants have never sought a license or permission from Plaintiff to use word or design mark on clothing.

33.    Defendants do not have an applicable pending or registered mark with the United States Patent and Trademark Office.

34.    Defendants have amassed over 60,000 Instagram followers while selling, marketing, and distributing clothing items that are causing confusion with Plaintiff's brand. A photo is included below and attached as Exhibit E.



35.     Defendants have collaborated with various celebrities, socialites, and social media influencers to endorse and co-sign their clothing items that have the word "plastics" plastered over their goods. Screenshots are included below and attached as Exhibit F.



36.	On or about September 7, 2023, Plaintiff via its attorney sent Defendants a cease-and-desist letter. Please see a copy below and attached as Exhibit G.



**READ LEGAL LAW FIRM**
John Sebree Harris, Esq.

*Philadelphia Office*
21 S. 11th St., 2nd Floor, Phila., PA 19107
(215) 789-6258

*Atlanta Office*
235 Peachtree St. NE., Suite 432, Atlanta, GA 30303
(404) 230-5989

### CEASE AND DESIST LETTER

Angel Adams
Plastics Boutique LLC
13201 OAKVIEW BLVD
GARFIELD HTS OH 44125

Via Email: plasticsboutique@gmail.com

September 7, 2023

Re: Unauthorized Use and Infringement of trademarked material

Dear Ms. Adams,

We are the attorneys for The Plastics NYC LLC, the federal trademark owner of THE PLASTICS. The above-mentioned mark can be easily found by searching United States Patent and Trademark Office (USPTO) database.

A search of the United State Patent and Trademark Office's trademark database will reveal that The Plastics NYC LLC owns THE PLASTICS pursuant to serial number "7053111". This mark was first in use by our client on July 1, 2020. The intellectual property of The Plastics NYC LLC is an extremely important and valuable asset of its business. Please find attached to this correspondence USPTO registration number 7053111, which is a registered word mark in class 25 with the USPTO. The Plastics protections extends to all clothing and related items. Accordingly, The Plastics NYC LLC has instructed us to take the appropriate steps to protect its intellectual property and business interest.

It has come to our attention that you are using our client's registered mark without approval on your merchandise. Your Instagram page (@shopplastics) and Website (www.plasticsbrand.com) has my client's mark plastered over various clothing items. You have been manufacturing, distributing, and selling these items through the Plastics Boutique LLC. Additionally, you are including the exact wording that is protected under USPTO registration number 7053111. Please find the screenshots attached hereto of infringing items available for purchase at www.plasticsbrand.com. Additionally, find screenshots attached hereto of infringing

clothing items being marketed for sale on Instagram at @shopplastics. You have been marketing these materials for purchase on the following platforms:

This copying is trademark infringement of The Plastics NYC LLC's trademark and a violation of federal law under the Trademark Act, pursuant to 15 U.S.C. § 1114(1). Remedies available to our client includes:

- An injunction against further infringement
- Disgorgement of Profits
- Actual damages and statutory damages of up to $2,000,000
- Cost and attorney's fees

Based on the above, we demand that you:

1. Immediately cease and desist marketing, manufacturing, distributing, and selling any infringing works, including any clothing derived substantially from our clients protected works;

2. Immediately agree in writing that neither Plastics Boutique LLC nor any other person or entity acting on behalf of or in connection with Plastics Boutique LLC will directly or indirectly engage in any further unauthorized use of The Plastics NYC LLC's intellectual property;

3. Immediately provide an accounting of the infringing products and materials that exists and destroy, alter or deliver to our client for destruction of all unauthorized items (e.g., shirts, jackets, pants, coats, purses, etc.) in your possession, custody, or control that include our client's trademarked works; and

4. Immediately identify in writing any and all parties that have any unauthorized products and/or materials that include our client's trademarked work.

We look forward to receiving your affirmative response that you have fully complied with the above-stated demands by September 14, 2023. Our client would like to resolve this matter amicably, but will consider any and all legal action necessary to protect its valuable intellectual property rights under federal and state law.

Please feel free to contact us with any questions regarding the contents of this letter or for details regarding compliance with the requests made.

This letter is written without prejudice to the rights and remedies of our client, all of which are expressly reserved.


Sincerely,

*John Sebree Harris*
John Sebree Harris, Esq.


cc:     The Plastics NYC LLC



37.     On or about September 8, 2023, Defendants informed Plaintiff's attorney that they would

have their legal representative contact them to discuss the matter. Screenshot included below and attached

as Exhibit H.



38.     As of November 28, 2023, no legal representative has contacted Plaintiff's attorney on behalf of Defendants.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement- 15 U.S.C. § 1114)

39.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

40.     Defendants' use of a confusingly similar imitation of Plaintiff's The Plastic Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

41.     Defendants' Infringing Designs is confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's The Plastics Mark, for which Plaintiff has no adequate remedy at law.

42.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's The Plastic Mark to Plaintiff's great and irreparable harm.

43.     Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition- 15 U.S.C. § 1125(a))

44.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

45.     Defendants' use of a confusingly similar imitation of Plaintiff's The Plastic Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

46.     Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's The Plastics Mark, for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution of Mark- 15 U.S.C. § 1125(c))

47.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

48.     For years, Plaintiff has exclusively and continuously promoted and used The Plastics Mark, both in the United States and throughout the world. The Plastics Mark became a famous and well-known symbol of Plaintiff and Plaintiff's products well before Defendant began using the Infringing Designs.

49.     Defendant is making use in commerce of the Infringing Designs, which dilutes and is likely to dilute the distinctiveness of Plaintiff's The Plastics Mark by eroding the public's exclusive identification of this famous mark with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

50.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's The Plastics Mark or to cause dilution of the mark to the great and irreparable injury of Plaintiff.

51.     Defendants has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive The Plastics Mark in violation of 15 U.S.C. § 1125(c). Plaintiff therefore is entitled to injunctive relief and

to Defendants profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices- 15 U.S. Code § 45(a))

52.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

53.     Defendants has been and is passing off its goods as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

54.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

55.     Defendants' unauthorized use of a confusingly similar imitation of Plaintiff's The Plastic Mark has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

56.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

57.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

58.     On information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff' The Plastic Mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

59.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's The Plastics Mark to the great and irreparable injury of Plaintiff.

60.     As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff's The Plastics Mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1. Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

a. advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Designs;

b. using the Infringing Designs on or in connection with any of Defendants' goods;

c. using The Plastics Mark or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's The Plastics Mark on or in connection with Defendants' goods;

d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names, or logos;

e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

f. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

g. passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

h. advertising, promoting, offering for sale, or selling the Infringing Designs or other similar goods.

2. Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Infringing Designs , or any other goods bearing the Infringing Designs or any other a confusingly similar imitation of Plaintiff's The Plastic Mark that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3. Defendants be ordered to deliver up for impoundment and for destruction, all clothing, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendants that are found to

adopt, infringe, or dilute any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff and its products;

4. Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of the Infringing Designs;

5. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

6. Based on Defendants' knowing and intentional use of a confusingly similar imitation of the Plaintiff's The Plastics Mark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7. Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) cited in this Complaint;

8. Based on Defendants' willful and deliberate infringement and/or dilution of the Plaintiff's The Plastics Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

9. Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

10. Plaintiff be granted such other and further relief as the Court may deem just.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues that are so triable.

Date: _____

_____
John Sebree Harris, Esq.
PA Bar: 327031
Read Legal Law Firm
235 Peachtree ST NE, Suite 432
Atlanta, GA 30303
(215) 789-6258
Jsharris@therllawfirm.com

# EXHIBIT A

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Sep 7 03:32:22 EDT 2023*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ] OR  Jump  to record: [          ]  **Record 4 out of 87**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# The Plastics

| | |
|---|---|
| **Word Mark** | THE PLASTICS |
| **Goods and Services** | IC 025. US 022 039. G & S: Dresses; Hats; Pants; Shirts; Shorts; Skirts; Tops as clothing; Sweat shirts; T-shirts. FIRST USE: 20200701. FIRST USE IN COMMERCE: 20200701 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 97336059 |
| **Filing Date** | March 29, 2022 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 28, 2023 |
| **Registration Number** | 7053111 |
| **Registration Date** | May 16, 2023 |
| **Owner** | (REGISTRANT) The Plastics NYC LLC LIMITED LIABILITY COMPANY DELAWARE 2416 N Jefferson St Wilmington DELAWARE 19802 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B

9:39



← JAYVONJAMES
**Posts**

November 13, 2016

**jayvonjames**
New York, New York                    · · ·



**View insights**                    Boost post

♥  ○  ⌲                                        🔖

Liked by **mr_cbwillis** and **others**

**jayvonjames** Sun-Daze #plasticasfvck

View all 2 comments

July 24, 2016

**jayvonjames**                              · · ·



# EXHIBIT C

3:21

SHOPPLASTICS
**Posts**

Follow

**shopplastics**
shopplastics · Original audio

   

When they say my Letterman Jackets cost too much … But then they sell out 😂

TikTok
@ msplastics

    

3:25

< **Posts** Follow

 shopplastics ...



2/6

592 likes

**shopplastics** i Don't miss let alone miss you -Love Plastics 💕 ... more

View all 28 comments

January 26, 2022

 shopplastics ...



3:39

3:25

**Follow**

 shopplastics

···

0:19

     

**2,752 views**

**shopplastics** Y'all still ain't got y'all "Luvin the Crew💕" sets yet... more

View all 2 comments

December 14, 2021

    

3:20

Follow

 shopplastics

608 likes

shopplastics It's almost that season 🍂

Flower bombers... more

View all 2 comments

1 day ago

    

3:21



SHOPPLASTICS
**Posts**

< **Follow**

 shopplastics ・・・





**366 likes**

**shopplastics** Y'all favorite Varsity Jacket is back! The quality is A1! Not to mention it's 🔥... **more**

View all 13 comments

January 12, 2022

 shopplastics ・・・



1/3

    

3:20

SHOPPLASTICS
**Posts**

*Follow*

 **shopplastics**                    ● ● ●

1/4

                                

**752 likes**

**shopplastics** PLASTICS x @brooklynikole 💙

Flower bombers... more

View all 5 comments

August 30

    



# EXHIBIT D



Get your order now, pay over 4 instalments every 2 weeks.

No long forms. Afterpay approves you instantly.

No interest ever. No extras. Late fees may apply.

**21 likes**

**shopplastics** Plastics Babes, We now offer after pay at check out 🎉... more

View 1 comment

November 5, 2021

**shopplastics** ⋯



**207 likes**

**shopplastics** Plastics Essential Velour Jogger set 🦋

Plastics University Collection... more

View all 10 comments

November 4, 2021

**shopplastics** ⋯



# EXHIBIT E



# EXHIBIT F

10:22

Follow

 shopplastics



      

168 likes

shopplastics @msheatherrose In our 🔥 In my B 💰 g Bomber... more

View all 2 comments

March 30, 2022

    

10:21



SHOPPLASTICS
**Posts**

‹                                            <span style="color:#1e90ff">Follow</span>



1/4

❤  💬  ✈                    • • • •                              🔖

 Liked by **no.5chanelbrell** and **1,728 others**
**shopplastics** Pretty Girls Wear Plastics ❤️

**@keyahGabrielle** in our Dont Miss Bomber 💓

View all 34 comments

February 19

 shopplastics                            • • •

            

10:20

Follow

 shopplastics                                    • • •



412 likes

**shopplastics** Pretty Girls Wear Plastics 💖

@iambrookeellison in the IT GIRL Varsity jacket... more

View all 11 comments

December 12, 2022

    

10:21

**Follow**

 shopplastics   •••



        

**1,980 likes**
shopplastics The Girls that get it.. 💕

@taethestylist_... more
View all 93 comments
December 28, 2022

    

10:20

< **Follow**

 shopplastics   ···

     

**1,096 likes**

shopplastics Chill but a big deal 💕

@indiemonet our Mean Girls Burn Book edition varsity... more

View all 13 comments

December 8, 2022

    

10:21

**Follow**



    

**1,108 likes**

**shopplastics** How you go big on BIGG?

**@jazminecheaves_** in our Burn Book jacket 💞 📓 ... **more**

View all 25 comments

February 20

 **shopplastics** ···

    

# EXHIBIT G



**READ LEGAL LAW FIRM**
John Sebree Harris, Esq.

*Philadelphia Office*
21 S. 11th St., 2nd Floor, Phila., PA 19107
(215) 789-6258

*Atlanta Office*
235 Peachtree St. NE., Suite 432, Atlanta, GA 30303
(404) 230-5989

---

## CEASE AND DESIST LETTER

Angel Adams
Plastics Boutique LLC
13201 OAKVIEW BLVD
GARFIELD HTS OH 44125

Via Email: plasticsboutique@gmail.com

September 7, 2023

Re: Unauthorized Use and Infringement of trademarked material

Dear Ms. Adams,

We are the attorneys for The Plastics NYC LLC, the federal trademark owner of THE PLASTICS. The above-mentioned mark can be easily found by searching United States Patent and Trademark Office (USPTO) database.

A search of the United State Patent and Trademark Office's trademark database will reveal that The Plastics NYC LLC owns THE PLASTICS pursuant to serial number "7053111". This mark was first in use by our client on July 1, 2020. The intellectual property of The Plastics NYC LLC is an extremely important and valuable asset of its business. Please find attached to this correspondence USPTO registration number 7053111, which is a registered word mark in class 25 with the USPTO. The Plastics protections extends to all clothing and related items. Accordingly, The Plastics NYC LLC has instructed us to take the appropriate steps to protect its intellectual property and business interest.

It has come to our attention that you are using our client's registered mark without approval on your merchandise. Your Instagram page (@shopplastics) and Website (www.plasticsbrand.com) has my client's mark plastered over various clothing items. You have been manufacturing, distributing, and selling these items through the Plastics Boutique LLC. Additionally, you are including the exact wording that is protected under USPTO registration number 7053111. Please find the screenshots attached hereto of infringing items available for purchase at www.plasticsbrand.com. Additionally, find screenshots attached hereto of infringing

clothing items being marketed for sale on Instagram at @shopplastics. You have been marketing these materials for purchase on the following platforms:

This copying is trademark infringement of The Plastics NYC LLC's trademark and a violation of federal law under the Trademark Act, pursuant to 15 U.S.C. § 1114(1). Remedies available to our client includes:

- An injunction against further infringement
- Disgorgement of Profits
- Actual damages and statutory damages of up to $2,000,000
- Cost and attorney's fees

Based on the above, we demand that you:

1. Immediately cease and desist marketing, manufacturing, distributing, and selling any infringing works, including any clothing derived substantially from our clients protected works;

2. Immediately agree in writing that neither Plastics Boutique LLC nor any other person or entity acting on behalf of or in connection with Plastics Boutique LLC will directly or indirectly engage in any further unauthorized use of The Plastics NYC LLC's intellectual property;

3. Immediately provide an accounting of the infringing products and materials that exists and destroy, alter or deliver to our client for destruction of all unauthorized items (e.g., shirts, jackets, pants, coats, purses, etc.) in your possession, custody, or control that include our client's trademarked works; and

4. Immediately identify in writing any and all parties that have any unauthorized products and/or materials that include our client's trademarked work.

We look forward to receiving your affirmative response that you have fully complied with the above-stated demands by September 14, 2023. Our client would like to resolve this matter amicably, but will consider any and all legal action necessary to protect its valuable intellectual property rights under federal and state law.

Please feel free to contact us with any questions regarding the contents of this letter or for details regarding compliance with the requests made.

This letter is written without prejudice to the rights and remedies of our client, all of which are expressly reserved.


Sincerely,

_John Sebree Harris_
John Sebree Harris, Esq.


cc:     The Plastics NYC LLC

# EXHIBIT H



**Angel adams** <plasticsboutique@gmail.com>

to me ▾

Fri, Sep 8, 12:29 AM

I'll have my lawyer reach out thank you, yes as this was not expected to be receiving an email accusing me of stealing.

CEO: Angel Adams
IG: @ShopPlastics
Www.PlasticsBrand.com